# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**B.T.M. EXPRESS DELIVERY LLC,**

    **Plaintiff,**

v.                                                                                       No. _____

**FEDERAL MOTOR CARRIER SAFETY
ADMINISTRATION AND PETE BUTTIGIEG,
IN HIS CAPACITY AS SECRETARY OF THE
UNITED STATES DEPARTMENT OF
TRANSPORTATION,**

    **Defendants.**

## COMPLAINT FOR INJUNCTIVE RELIEF AND DECLARATORY JUDGMENT

COMES NOW Plaintiff B.T.M. Express Delivery LLC ("Plaintiff" or "BTM"), pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, and hereby files this complaint for injunctive relief and declaratory judgment.

## PARTIES

1. Plaintiff is a Tennessee limited liability company with its principal place of business located in Memphis, Shelby County, Tennessee.

2. Defendant Federal Motor Carrier Safety Administration ("FMCSA") is an agency in the United States Department of Transportation ("USDOT") that regulates the trucking industry in the United States. Service upon Defendant FMCSA can be effected, pursuant to Fed. R. Civ. P. 4(i), by service of summons and a copy of the complaint upon the United States Attorney for the Western District of Tennessee, Joseph C. Murphy, Jr.,167 North Main Street, Suite 800, Memphis, Tennessee

38103, and also sending copies of the summons and complaint by registered or certified mail to the Attorney General of the United States, Honorable Merrick B. Garland, United States Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

3.      Defendant Pete Buttigieg is the Secretary of USDOT and oversees and is responsible for the administration of the FMCSA. Defendant Buttigieg is sued in his official capacity as Secretary of USDOT. Service may be effected upon Defendant Buttigieg by (1) service of summons and a copy of the complaint upon U.S. Attorney Joseph C. Murphy, Jr., 167 North Main Street, Suite 800, Memphis, Tennessee 38103, and (2) by mailing copies of the summons and complaint via registered or certified mail to Defendant Buttigieg, 1200 New Jersey Avenue, SE, Washington, DC 20590, pursuant to Fed. R. Civ. P. 4(i)(2) and 28 U.S.C. § 1391(e)(2).

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the Administrative Procedures Act ("APA"), 5 U.S.C. § 702, et seq.

5.      The APA provides that "[a]gency action made reviewable by statute and final agency action for which there is no adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704. 5 U.S.C. § 701(b)(2) provides that "agency action" has the meaning given that phrase/term in 5 U.S.C. § 551, which in turn defines "agency action" as including "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." Moreover, 5 U.S.C. § 703 provides that the "form of proceeding for judicial review" under the APA includes "actions for declaratory judgments or mandatory injunction."

6.      BTM must proceed under the APA for declaratory and injunctive relief pursuant to the Declaratory Judgment Act, as there is no other adequate, alternative remedy available to it under

the circumstances. The Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., affords BTM declaratory and injunctive remedies based on federal subject matter jurisdiction conferred upon this Court pursuant to 28 U.S.C. § 1331.

7. Defendants are responsible for the violations perpetrated against BTM as alleged and pled herein.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (e), and under 5 U.S.C. § 703, given that a substantial part of the events or omissions giving rise to the claim occurred in the Western District of Tennessee.

9. An actual, substantial, and continuing controversy exists between the parties. A declaration of BTM's rights and other legal relations and injunctive relief against further improper, inequitable, and unlawful conduct of FMCSA employees is necessary and warranted. Moreover, with regard to the relief sought herein by BTM under and pursuant to the APA, exhaustion of administrative remedies does not apply. *See Darby v. Cisneros*, 509 U.S. 137, 153 (1993).

10. The defense of sovereign immunity has been withdrawn with respect to actions seeking specific relief other than money damages, such as an injunction, a declaratory judgment, or a writ of mandamus. *Bowen v. Massachusetts*, 487 U.S. 879 (1988).

## FACTS

11. BTM is a commercial motor carrier which operates in interstate commerce and is subject to regulations promulgated by the FMCSA. BTM, headquartered in Memphis, Shelby County, Tennessee, was issued US DOT# 3548805 in 2021, and currently owns and operates 26 foot box trucks with lift gates. BTM's owner is Kelvin Howard.

12. BTM has been in the business of carrying general freight cargo since February 2021.

13. BTM secured federally required insurance for its operations through Progressive for BTM's first year of business, from February 2021 through February 2022. Said Progressive insurance policy rolled over and BTM continued to be insured by Progressive for the period February 2022 through February 2023.

14. In March 2022, BTM applied for new insurance coverage with Gateway Insurance and its agent Anthony Lancaster/Anchor Group Management ("Anchor"), to be effective March 2022, and gave written notice to cancel insurance through Progressive in April 2022.

15. BTM, through Mr. Howard, applied for insurance coverage effective March 14, 2022, and paid the initial premium due. *See* Ex. 1 (BTM bank records reflecting payment of initial premium of $3,125.94). At the same time, Mr. Howard, on behalf of BTM, executed an automatic payment form so that Anchor, Gateway's agent, could automatically deduct the monthly premium BTM owed to Gateway Insurance in April 2022 and each month thereafter. *See* Ex. 2 (automatic deduction form).

16. Despite having paid the initial Gateway Insurance premium and taken appropriate steps to ensure that premiums would be timely paid each month, Mr. Howard received a Notice of Investigation from the FMCSA, dated March 24, 2022, due to insurance issues on BTM's account. *See* Ex. 3. At no time prior had BTM or Mr. Howard received any notice from Mr. Lancaster, Anchor, or Gateway Insurance that there were any issues with the applicable insurance for BTM. Mr. Howard called Mr. Lancaster to inquire as to what had happened. Mr. Lancaster assured Mr. Howard that all would be handled.

17. On March 30, 2022, BTM received a Decision on Discontinuance of Revocation Proceeding from the FMCSA, which notified BTM that "[e]vidence of compliance with the statute

and insurance regulations have been received." *See* Ex. 4.

18. On April 19, 2022, BTM received Notice of Cancellation of BTM's insurance through Gateway. *See* Ex. 5. The notice purported to cancel BTM's insurance, effective May 24, 2022, due to nonpayment of premium in the amount of $3,157.52 – the exact amount debited from BTM's account on March 15, 2022.

19. Mr. Howard immediately called Mr. Lancaster once again. Mr. Lancaster told Mr. Howard that Gateway Insurance had made an error; that no premium was due; and that he would take care of the matter. This was later confirmed via an email Mr. Howard received from Mr. Lancaster on July 27, 2022, which included a forwarded email thread in which Gateway Insurance acknowledged that the cancellation for premium non-payment was due to "system issues" and that the "system issue was resolved and the filing was processed effective 5/24/22 (on 5/25/22)." *See* Ex. 6. Recognizing its error, Gateway Insurance indeed asked that BTM provide any receipts for lost income. *Id.*

20. Following BTM's receipt of the rescinded cancellation notice (but before Gateway's admission of its error), the FMCSA sent BTM a second Notice of Investigation for Revocation of Authority, dated April 27, 2022, pertaining to whether, "in accordance with 49 U.S.C. § 13905, the operating rights registration should be revoked for failure to comply with the statute and the insurance regulations." *See* Ex. 7.

21. Gateway Insurance subsequently sent BTM a reinstatement notice, dated May 4, 2022, which confirmed that the notice of cancellation (to be effective May 24, 2022) had been rescinded and that BTM's insurance policy had been "reinstated without lapse in coverage." *See* Ex. 8.

22. The FMCSA followed suit and, on May 26, 2022, discontinued the revocation proceeding instituted on April 27, 2022, stating that "[e]vidence of compliance with the statute and insurance regulations has been received." *See* Ex. 9.

23. BTM has made the required monthly payments to Gateway Insurance for the months of April, May, June, July, and August 2022. BTM continues to be insured by Gateway Insurance, which insurance remains current and in effect. *See* Ex. 10.

24. Nonetheless, despite Gateway Insurance rescinding the purported cancellations referenced above prior to their effective dates, the damage was already done. The online information available at the FMCSA website reflects that BTM has had its insurance cancelled, *see* Ex. 11 (online insurance history at FMCSA website), even though (1) Gateway has rescinded both of its cancellation notices with no lapse in BTM's insurance coverage, and (2) the FMCSA has discontinued both investigations since the insurance issues were resolved timely and sufficient evidence of insurance coverage was provided.

25. Accordingly, all negative information on the FMCSA portal and website were and remain inaccurate (and certainly through no fault of BTM or Mr. Howard). Gateway's and Mr. Lancaster's errors, miscommunications, and failure to timely remedy the inaccurate information provided to the FMCSA has resulted in loss of business and a tarnished reputation for BTM. Before these issues, BTM's business was thriving, as evidenced by BTM having been awarded a highly regarded delivery contract with the United States Postal Service ("USPS"); after these issues arose, however, BTM has lost several contracts and is no longer eligible for any contracts with the USPS.

26. Prior to May 2022, BTM had earned a perfect Compliance, Safety, Accountability ("CSA") score of 1 out of 100. BTM's current CSA score has certainly increased due to the public

misimpression that BTM has seemingly struggled with insurance compliance due to the mistakes of Gateway Insurance and its agent.

27. BTM wants to have an opportunity to begin to grow its business back. Effectively doing this, however, with a high (unfavorable) CSA score and negative, inaccurate insurance information on the FMCSA website is proving to be inordinately difficult. Instead. BTM is continuing to lose business. For example, one company with which BTM has done business emailed BTM on June 29, 2022, stating that the FMCSA information still reflected that BTM's insurance had been cancelled. *See* Ex. 12 (email from potential customer).

28. In an effort to give the FMCSA a chance to rectify the situation and set the record straight without Court intervention, BTM's undersigned counsel, on July 28, 2022, called and spoke with Melissa (call reference number 220728-001294) about BTM's insurance situation. Undersigned counsel was asked to email a summary of the matter with supporting documents.

29. On August 10, 2022, undersigned counsel complied and sent an email to FMCSA with a detailed explanation of the situation with supporting documentation. The person who responded on behalf of the FMCSA indicated, on August 11, 2022, that "we cannot remove the insurance history." *See* Ex. 13 (emails between undersigned counsel and the FMCSA). The FMCSA has not responded to further requests from undersigned counsel to clarify its inaccurate insurance information relative to BTM.

## COUNT I: DECLARATORY JUDGMENT

30. Pursuant to the Declaratory Judgment Act, federal courts, "upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

30. There is an actual existing controversy between BTM and Defendants. BTM has suffered concrete and identifiable injuries as a result of Defendants' wrongful refusal to remove the inaccurate insurance information regarding BTM from the FMCSA portal and website.

31. There is a substantial controversy between parties, with adverse legal interests, of such immediacy and existence as to warrant a declaratory judgment in BTM's favor.

32. Declaratory relief in BTM's favor is proper and appropriate under the circumstances.

## COUNT II: INJUNCTIVE RELIEF

33. As detailed above, BTM's business has been and continues to be substantially harmed as a result of the incorrect information posted by the FMCSA on its website with regard to BTM's insurance history. The FMCSA has indeed acknowledged in writing, twice, that it has received sufficient proof that BTM was in fact insured at all relevant times. *See* Exs. 4 & 9.

34. A mandatory injunction altering the status quo and ordering the FMCSA to take action to remedy the wrong of it continuing to post, and refusing to remove, the incorrect information regarding BTM's insurance history is necessary and appropriate under the circumstances. This is an exceptional circumstance in that BTM has no other way of assuring customers and potential customers that it has in fact always been appropriately insured other than to have the Court require the FMCSA to remove the inaccurate insurance information that the FMCSA continues to post on its website and refuses to remove to set the public record straight, despite BTM's written requests.

35. A mandatory injunction is warranted in order to make BTM whole again. The public interest, including those of BTM's customers and potential customers, warrants the issuance of an injunction. The public interest would not be disserved by an injunction.

36. BTM has suffered irreparable injury and any available remedies available at law are inadequate to compensate that injury.

37. Fairness and good faith warrant the issuance of the requested mandatory injunction.

## PRAYERS FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff B.T.M. Express Delivery LLC prays that upon a hearing and/or trial the Court:

a. issue a declaratory judgment against the Defendants finding that the public insurance information regarding BTM on the FMCSA website is inaccurate due to no fault of BTM;

b. issue a mandatory injunction, pursuant to Fed. R. Civ. P. 65, requiring that Defendants remove and/or clarify the public, inaccurate insurance information set forth regarding BTM on the FMCSA website; and

c. grant such other legal and equitable relief as the Court deems necessary and proper.

Respectfully submitted,

BURCH, PORTER & JOHNSON, PLLC

/s/ Scott J. Crosby
Scott J. Crosby (BPR No. 014287)
130 North Court Avenue
Memphis, Tennessee  38103
Phone: (901) 524-5000
Fax: (901) 524-5024
scrosby@bpjlaw.com
*Attorney for Plaintiff B.T.M. Express Delivery LLC*